UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JUDITH EVANS,

                Plaintiff,                                      Hon. Ellen S.  Carmody

v.

                                                        Case No. 1:11-cv-1195

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/

## **OPINION**

          This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act.  On February 15, 2012, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #10).

          Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence.  Accordingly, the Commissioner's decision is **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 45 years old on her alleged disability onset date.  (Tr. 114, 203).  She successfully completed high school, but has no past relevant work experience.  (Tr. 17).  Plaintiff applied for benefits on September 12, 2008, alleging that she had been disabled since September 16, 2005, due to lymphedema and complications from cancer treatment.  (Tr. 114-17, 135).  Plaintiff later amended her disability onset date to June 1, 2008.  (Tr. 203).  Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 73-113).  On October 1, 2010, Plaintiff appeared before ALJ James Prothro, with testimony being offered by Plaintiff and vocational expert, Paul Delmar.  (Tr. 26-72).  In a written decision dated November 12, 2010, the ALJ determined that Plaintiff was not disabled.  (Tr. 11-18).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-6).  Plaintiff subsequently initiated the appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## RELEVANT MEDICAL HISTORY

In September 2005, Plaintiff was diagnosed with bilateral breast cancer.  (Tr. 277-81).  Plaintiff subsequently began chemotherapy treatment supervised by Dr. Marcia Liepman with the

West Michigan Cancer Center. (Tr. 256-65). On March 21, 2006, Plaintiff underwent "modified radical mastectomy" of the right breast. (Tr. 214-15). Following surgery, Plaintiff received further chemotherapy treatment. (Tr. 222-25). Treatment notes dated August 18, 2006, indicate that there was "no evidence of relapse of her right breast cancer." (Tr. 225).

On October 9, 2007, Plaintiff was examined by Dr. Liepman. Plaintiff reported that she was continuing to experience "swelling of her right arm." (Tr. 339). An examination revealed that Plaintiff "has lymphedema[1] of her entire arm on the right, from her fingertips to her shoulder." (Tr. 339). On May 6, 2008, Dr. Liepman reported that Plaintiff "has developed rather significant right arm lymphedema." (Tr. 336). On September 9, 2008, Dr. Liepman reported that Plaintiff's "lymphedema has gotten worse." (Tr. 334). Following a January 27, 2009 examination, Dr. Liepman described Plaintiff's right arm lymphedema as "severe." (Tr. 423). Treatment notes authored by Dr. Liepman, on June 23, 2009, indicate that Plaintiff "is continuing to have problems with lymphedema and soreness in her chest." (Tr. 421). On July 6, 2010, Plaintiff was examined by Dr. Liepman. (Tr. 454-55). An examination of Plaintiff's right upper extremity revealed that it was "quite tender" and, despite treatment, "still massively swollen from the shoulder down." (Tr. 454).

On October 19, 2010, Dr. Nabil Nouna executed a sworn statement regarding Plaintiff's impairments and limitations. (Tr. 483-84). The doctor reported that he operates the Thomas Street Clinic in Allegan, Michigan and has treated Plaintiff since "late 2005." (Tr. 483).

---

[1] Lymphedema refers to swelling of the arms or legs "caused by a blockage [of the] lymphatic system, an important part of [the] immune and circulatory systems." *See* Lymphedema, available at http://www.mayoclinic.com/health/lymphedema/DS00609 (last visited on February 22, 2013). The blockage prevents lymph fluid from draining well, and as the fluid builds up, the swelling continues." Lymphedema is "most commonly caused by the removal of or damage to [the] lymph nodes as part of cancer treatment." *Id.*

Dr. Nouna reported that he was presently treating Plaintiff for anxiety, diabetes, hypothyroidism, sinusitis, obesity, sleep arousal disorder, and cervical spondylosis. (Tr. 483). With respect to Plaintiff's breast cancer and lymphedema, Dr. Nouna reported that he "stays in contact with" Dr. Liepman regarding such. (Tr. 483). Dr. Nouna reported that Plaintiff "has made repeated reports to this office regarding her chronic, constant, severe pain in her right arm, shoulder, shoulder blade and right chest regions of her torso." (Tr. 483). The doctor reported that he believed that Plaintiff was "very credible" regarding the severity of her pain. (Tr. 483). Dr. Nouna stated that Plaintiff was unable to "lift over five pounds on a frequent basis" and "can be on her feet for less than two hours each day." (Tr. 484). The doctor further noted that "chronic fatigue, lack of energy, lack of any ability to focus/concentrate are symptoms consistent with her medical problems" and that "her level of pain will prevent her from concentrating on any particular event." (Tr. 484). The doctor concluded that, "I do not believe [Plaintiff] is currently capable of being employed in any full time employment position and has not been capable since early 2008." (Tr. 483).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a

---

[2] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled"

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) lymphedema; (2) obesity; (3) diabetes mellitus; and (4) back pain of the lumbar spine, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 13-15).

---

must be made (20 C.F.R. 404.1520(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work[3] subject to the following limitations: (1) she cannot lift/carry more than 10 pounds; (2) she can stand/walk for "about" six hours during an 8-hour workday; (3) she can sit for "about" six hours during an 8-hour workday; (4) no frequent push/pull and hand control activities with her right upper extremity; (5) she can frequently climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (6) she can occasionally stoop, kneel, crouch, and crawl; (7) she can use her right upper extremity in an assist capacity; (8) she can occasionally use her right upper extremity to perform gross and fine manipulation activities as well as reach in all directions including overhead and; and (9) she must avoid concentrated exposure to extreme cold, extreme heat, and vibration. (Tr. 15).

The ALJ concluded that Plaintiff had no past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on ther issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). Ther standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question

---

[3] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

vocational experts in an attempt to determine whether there exist a significant number of jobs which

a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the

ALJ questioned vocational expert Paul Delmar.

The vocational expert testified that there existed approximately 8,000 jobs in the state

of Michigan which an individual with Plaintiff's RFC could perform, such limitations

notwithstanding. (Tr. 66-67). This represents a significant number of jobs. *See Born v. Sec'y of*

*Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274

(6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar.

1, 2006). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social

Security Act.

Plaintiff asserts a single claim on appeal - that the ALJ failed to properly analyze the

opinions expressed by Dr. Nouna, one of her treating physicians. Plaintiff argues that due to this

error, this matter should be remanded "for re-evaluation of Dr. Nouna's opinion." As noted above,

on October 19, 2010, Dr. Nouna reported that Plaintiff was unable to "lift over five pounds on a

frequent basis" and "can be on her feet for less than two hours each day." The doctor further noted

that "chronic fatigue, lack of energy, lack of any ability to focus/concentrate are symptoms consistent

with her medical problems" and that "her level of pain will prevent her from concentrating on any

particular event." Dr. Nouna concluded that, "I do not believe [Plaintiff] is currently capable of

being employed in any full time employment position."

The treating physician doctrine recognizes that medical professionals who have a long

history of caring for a claimant and her maladies generally possess significant insight into her

medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must,

8

therefore, "give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Wilson*, 378 F.3d at 544. In articulating such reasons, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *See* 20 C.F.R. §§ 404.1527, 416.927; *see also*, *Wilson*, 378 F.3d at 544. The ALJ is not required, however, to explicitly discuss each of these factors. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007). Instead, the record must reflect that the ALJ considered those factors relevant

to her assessment. *See Oldham*, 509 F.3d at 1258; *Undheim*, 214 Fed. Appx. at 450.

The ALJ rejected Dr. Nouna's opinion on the ground that "the regulations provide that the final responsibility for deciding such issues as what an individual's residual functional capacity is and whether the residual functional capacity would prevent an individual from returning to his work is an reserved to the Commissioner." (Tr. 16-17). To the extent that the ALJ rejected Dr. Nouna's opinion that Plaintiff was not "currently capable of being employed in any full time employment position," such is appropriate. *See See* 20 C.F.R. § 416.927(e)(1) (an opinion by a treating source that a claimant is disabled is entitled to no deference because the determination of disability is a matter reserved to the Commissioner).

However, as noted above, in addition to concluding that Plaintiff was unable to work, Dr. Nouna also articulated specific functional limitations to which Plaintiff was subject. The ALJ gave no reasons whatsoever for rejecting the doctor's opinions on such. The ALJ's failure to articulate any rationale for rejecting the opinions in question renders his decision infirm and requires that the matter be remanded for proper evaluation of Dr. Nouna's opinion. A recent Sixth Circuit case is instructive on this point.

In *Kalmbach v. Commissioner of Social Security*, 409 Fed. Appx. 852 (6th Cir., Jan. 7, 2011), two treating physicians offered opinions concerning Kalmbach's physical limitations. *Id.* at 855-56. The doctors reported that Kalmbach was unable to work, but also identified specific functional limitations to which Kalmbach was subject. *Id.* The ALJ rejected the doctors' opinions, in part, on the ground that "the determination of disability is a conclusion reserved to the Commissioner." *Id.* at 861. The Sixth Circuit found that the ALJ's rationale failed to satisfy the aforementioned standard. As the court noted, "the fact that the ultimate determination of disability.

. .is reserved to the Commissioner. . .did not supply the ALJ with a legitimate basis to disregard the physicians'. . .assessment of Kalmbach's abilities to perform work-related activities." *Id.* As the Sixth Circuit concluded, this particular error, by itself, mandated reversal and remand. *Id.* at 861-62. The Court discerns no relevant distinction between the legal error that was identified in *Kalmbach* and the ALJ's actions in the present case. In both instances, the ALJ erred by ignoring one particular aspect of a treating physician's opinion, articulating specific functional limitations, because a separate aspect of the doctor's opinion concerned a matter reserved to the Commissioner. The same result is, therefore, required.[4]

### CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **reversed and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.

Date: February 28, 2013                              /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge

---

[4] As previously noted, Plaintiff requests that this matter be remanded for proper evaluation of Dr. Nouna's opinion. Plaintiff has not requested that this matter be remanded for an award of benefits. However, even if Plaintiff had requested such relief, the result would be the same as there does not exist *compelling* evidence that Plaintiff is disabled. *See Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and award benefits only if all essential factual issues have been resolved and proof of disability is compelling). While the ALJ's decision is faulty, there does not exist *compelling* evidence that Plaintiff is disabled. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance.